CASE.

## Shelton *vs* Nance, &c.

### APPEAL FROM THE TRIGG CIRCUIT.

*Case 39.*

*October 13.*

Case stated.

*Slander. Libel.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS is an action on the case for a libel. The declaration avers that the defendants, six in number, composed and published, and caused to be published, of and concerning the plaintiff, the following words in a church book, viz: "a report raised and circulated by William Shelton, (the plaintiff,) against brother Nance, stating that he (Nance,) made him (Shelton,) pay a note twice, and proved by William Shelton to be false," and that the defendants read and caused to be read, the said libel, in the presence and hearing of divers good citizens, &c. By the inuendos it is shown that the plaintiff is the person referred to as having raised and circulated, and also as having disproved the report. A second and third count state the alledged libel, with slight verbal variation, and omit the averment that it was in the church book, and that it was read. A general demurrer to the whole declaration was sustained, and the only question necessary to be now considered is, whether the matter as above set forth, being in writing, constitutes a libel, for publishing which an action can be maintained.

The distinction between verbal and written slander is well established, and in principle, well defined by modern adjudications. In the case of *Mc Gee* vs *Wilson*, (*Litt. Select. Cases*, 188,) this Court recognizes this distinction, and after stating what is requisite to constitute verbal slander, goes on to say, "but words when written, if they tend to degrade or disgrace, or to render odious or ridiculous the person of whom they are written, will be libellous, and consequently actionable." The principle has been announced by other Courts and in many other cases, in terms equally comprehensive; and under the authority of the principle and of the cases to which it has been applied, we cannot doubt that written words imputing to the plaintiff the invention and circulation of a report calculated to injure the character and standing of a third person, and which he himself afterwards disproved, must tend to degrade the plaintiff, and bring him into ridicule and probably to render him odious. It is true, a person may by mistake, and honestly originate and circulate to some extent, a report unfavorable to another, which he himself may and should contradict whenever he discovers his mistake; and as all this if done innocently and without unnecessary or improper diffusion of the incorrect statement, might not imply more than excusable indiscretion or want of investigation on the subject, so a written statement of his conduct, not implying improper motive on his part, or a wanton disregard of the character of others, might have no tendency to degrade him or to render him ridiculous, and might, if there were a proper occasion for putting such statement in writing, be deemed excusable and harmless.

If the writing complained of had stated that plaintiff, having by mistake, asserted and repeated that Nance had made him pay a note or debt twice, had upon investigation of the charge against Nance in the church, retracted it or admitted his mistake, even this, though it might not be deemed libelous, would be going farther in implicating the plaintiff than would be necessary in stating the acquittal of Nance, and farther than a just regard for the feelings of the plaintiff would authorize, unless it appeared clearly that his name was introduced rather by way

SHELTON
*vs*
NANCE, &c.

"Words when written which tend to degrade or disgrace, or render odious or ridiculous the person of whom they are spoken, will be libelous, and consequently actionable"— (*Litt. Sel. Cases* 188.)

That the defendants composed, published and caused to be written in the church book the following: "A report raised and circulated by William Shelton (the plaintiff,) against brother Nance, stating that he (Nance,) made him (Shelton,) pay a note

KUHL
vs
KNANER, &c.

twice, and prov-
ed by Wm. Shel-
ton to be false."
Held to be libil-
lous and actiona-
ble.

of commendation for his honorable retraction of a mis-taken assertion, than by way of blame for having asserted it in the first instance. As the case stands, the writing seems as if intended to record at once, the condemnation of the plaintiff and the acquittal of Nance, and indeed, to give rather a more prominent place to the former than to the latter sentence. Upon the face of the writing and of the declaration, there is nothing to excuse the reference to the plaintiff in the terms actually used, and nothing to mitigate the charge manifestly implied in the unnecessary use of those terms, that he had raised, (that is, invented) and circulated a report disreputable to Nance, which as it related to matters of which he himself was presumably cognizant, he knew or ought to have known to be false. Such a fact even casually written and published, and much more if placed upon the permanent records of a church, is calculated to degrade the person of whom it is written, and to render him odious, while the additional circumstance that it was by his own evidence that his previous statement was disproved, tends also to make him ridiculous, even if his previous statement was not knowingly false.

It follows that in our opinion the declaration is sufficient to show a cause of action, and that the demurrer should have been overruled. Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer, and for further proceedings.

*Woolley and Kinkead* for appellant; *Morehead & Reed* for appellees.