NEW-YORK,
May, 1829.

Hart
v.
Wilson.

---

HART and others *vs.* WILSON and others.

THIS was an action of assumpsit against the defendants as *endorsers* of a promissory note, dated the 4th June, 1818, for $1300, payable at the bank of Niagara in 90 days, tried at the Erie circuit, in April, 1828, before the Hon. JOHN BIRDSALL, one of the circuit judges.

On the trial of the cause, the making and endorsement of the note were shewn. And after proof of the death of the notary who officiated for the bank at the time, a memorandum on the back of the note signed by him was read in these words : " demanded, protested and notices sent 5th September, 1818." A register of notes protested by the notary was also produced, in which the note in question was entered, un-

*After a lapse of ten years, a written memorandum, made at the time of the transaction, respecting notice of protest of a note, may be read in evidence, as a link in the chain of testimony.*

der date of 5th September, 1818, and the names and resi-
dences of the endorsers set forth ; and opposite to their
names, in a column headed " how notified," was entered
these words : " by leaving notice at post office." Two wit-
nesses (Ransom and Tracy) who were clerks to the notary
in 1818, testified, the one that he made all the entries in the
register respecting the note in question except the residen-
ces of the endorsers ; that he had a distinct recollection of
the protest of the note, and that he put the notices of protest
in the post office ; but upon what particular day he did so,
*independently of the memorandum in the register, he could not
state ;* the other, that he recollected such a note was in the
office ; that the residences of the endorsers were inserted by
him in the register ; that from that entry being made by him,
it was expressive to his understanding that the notices were
made out and addressed by him, but *independent of the mem-
orandum* he should have no recollection that the notices were
made out. A verdict was taken for the plaintiffs, subject to
the opinion of the court upon the admissibility of the above
testimony, and also upon the effect of evidence given to prove
usury in the discount of the note.

*J. A. Spencer,* for plaintiffs.

*E. Griffin,* for defendants.

*By the Court,* SUTHERLAND, J. Regular notice to the
defendant of non-payment of the note by the maker is clear-
ly established by the testimony of Ransom and Tracy, and
the written memorandum to which they were properly per-
mitted to refer. They prove not only that notice was sent
on the day when it ought to have been given, but they shew
the manner in which it was given. It was sent by mail, di-
rected to the defendants respectively, at the nearest post of-
fice to each. The note fell due in September, 1818, and it
would be impossible after such a lapse of time to prove all
the particulars necessary to establish a legal notice, without
the aid of a written memorandum made at the time when
the services were performed. The memorandum on the
back of the note, of the demand, protest and notice signed by

NEW-YORK,
May, 1829.

the notary, when taken in connection with the other evidence in the case, leaves no reasonable doubt as to the demand and notice. *Halliday* v. *Martinett*, (20 *Johns. R.* 168,) and *Welch* v. *Bennet*, (15 *Mass. R.* 380,) are precisely in point. It is equally clear the note was usurious. The testimony of Clark and Coffin, who were clerks in the bank when the note was discounted, establish beyond all question that the interest was computed upon the principle of 360 days to the year, and that such was the uniform practice of the bank : this is sufficient to make out a case of usury.

Judgment for defendant.