## G. A. Austin *v.* Wilson & Calkins.

*Indorsee and Indorsors. Protest. Non-payment. Evidence of demand and notice.*

In an action, in favor of the indorsee, on a promissory note dated in New York, and made payable in Orwell, Vermont, where the indorsee resided, the maker and indorsors all residing without this State, the said note being protested for non-payment. at the Bank of Orwell. It was held, that the certificate and formal protest of a deceased notary were admissible as evidence of demand and notice.

It was also held, that it is not essential, that the entire record of the notary should be made at the very moment of the transaction, but it is sufficient if done within a few days, in the ordinary course of business.

Assumpsit on a promissory note for $1,371,38, brought against the defendants as indorsors thereof. Plea, the general issue and trial by the court.

No question was made as to the signatures of the parties; and it was admitted that the defendants were partners at the date of the note, and from thence, up to the time of trial.

The plaintiff introduced the note, which was payable in "six months from date, at Orwell, Vermont;" and also offered in evidence the protest annexed to the said note. The defendants objected to the admission of the protest as evidence, and also to the certificate of the notary relating to the notice to the defendants, even if the protest should be admitted. The court overruled the objection and admitted the protest, with the certificate of notice, (signed) "William B. Martin, Notary Public," as evidence tending to prove the demand of payment, and notice to the defendants of non-payment.

It appeared that said William B. Martin was, at the date of

Austin *v.* Wilson & Calkins.

said protest, a notary public residing in said Orwell, but had since deceased. The plaintiff also offered the memorandum on the back of said note, which was in the words following : " January 8, 1849, mailed notices to the indorsors as follows, to John B. Anger, Agent, Brooklyn, N. Y., and Wilson & Calkins, Ticonderoga, N. Y."
(Signed)              " W. B. MARTIN, *N. P.*"

Also with proof that it was the hand writing of said Martin, accompanied with evidence tending to show that it was the custom of said Martin, when he demanded payment of a note and notified the indorsors, to make such memorandum of the fact on the back of the note at the time, and to fill up, in the course of a few days, the protest in form, (as said protest is filled up,) certifying that he had notified the indorsors in the body of the protest, and that said Martin was not accustomed to make any other record of the fact of demand and notice. To all which the defendants objected. The court overruled the objection, and admitted the evidence.

The plaintiffs also offered in evidence, the post-office books of the Orwell post-office, with the testimony of the person who made the entries therein, and of the post-master of Orwell, in January, 1849, whose testimony tended to prove that said books were regularly kept, and presented a true account of the letters mailed at the Orwell post-office in January, 1849 ; said books show an entry of four letters mailed for Ticonderoga, N. Y., on the 8th day of January, 1849, and that none were mailed for said place, after that date, until the 12th of January, 1849. The witness had no recollection of mailing the letters appearing upon the books. It also appeared by said books, that there was one letter mailed at said office for Brooklyn, N. Y., on the 8th day of January, 1849, and there was no entry of any letter mailed for said Brooklyn, after that date during said month of January. The post-master also testified, that at the time the note fell due, and before and after, the mail was carried from said Orwell to Ticonderoga, on Monday, Wednesday and Friday of each week, and no other days, that letters deposited in said office for said Ticonderoga as early as ten o'clock, A. M. on mail days, were sent the same day, but if deposited after that hour, would go in the next mail, according to the usage and custom of the office at Orwell. The defendants objected to the admission of the post-office books, and also to

the testimony of the post-master and his clerk, but the court overruled the objection and admitted the books and testimony.

It appeared, that at the time the note fell due, and for a long time before, and ever since, the plaintiff resided in Orwell, and that the defendants lived in Ticonderoga, N. Y. It also appeared that Knowles Taylor, the maker of the note, never resided in Orwell, but that he lived in New York at the time the note fell due, and resided there before and since.

The signature of the said Martin to the protest, certificate and memorandum on the back of said note was proved.

The plaintiff also introduced evidence, under objection, tending to prove that the Farmers' Bank, of Orwell, was the principal place of business of the plaintiff, although he occupied a dwelling-house at Orwell, where he transacted a portion of his business. There was no evidence that he kept an office at the Bank, or occupied any apartment for his private business, separate from the business of the Bank. The plaintiff also offered and read in evidence, three letters from the defendants, with proof that they were in the hand writing of one of the defendants; said letters were dated on the 26th of March, and the 7th and 18th of July, 1849. The plaintiff claimed, that sufficient appeared in said letters to warrant the presumption, that defendants had received notice, or to operate as a waiver of notice. The said letters admitted the liability of defendants as indorsors, and asked for indulgence until they could collect of the parties primarily liable, without questioning the regularity of notice. It also appeared that plaintiff had notified defendants, at the previous term of the court, to produce the notice of demand and non-payment, but defendants neglected to produce said notice.

The defendants insisted, that the evidence in the case was insufficient to entitle the plaintiff to recover. The court rendered judgment for the plaintiff for the amount of the note and interest. To all which decisions and ruling of the court, defendants excepted.

*C. D. Kasson* for defendants.

*H. Hale* for plaintiff.

BY THE COURT. This is an action in favor of the indorsee of

a promissory note, dated in New York, and made payable to the order of John B. Anger, agent, who resided at the time, it would seem, in the city of Brooklyn, and indorsed by the payee, and the defendants successively. The note is made payable in Orwell, Vermont.

The only direct evidence of demand and notice is the noting for non-payment upon the note, by a notary public and his formal notarial protest, made at Orwell, the notary having deceased before the trial. The note fell due on the sixth day of January, 1849, and was then protested for non-payment, at the Bank of Orwell, where the same was lodged for collection, and where demand of payment was made by the notary, the maker of the note having never resided in Orwell, or had any place of business there, but residing and doing business in the city of New York.

The plaintiff's principal place of business in Orwell, was at the Bank of Orwell, although he kept house and transacted a portion of his business at his dwelling-house.

Three letters of the defendants were read in evidence by the plaintiff, written after the note fell due, in all of which the defendants recognize their liability upon the notes, as indorsors, without questioning the regularity of notice to them, but asking for indulgence until they can collect the money of the parties primarily liable upon the note.

The court, on this evidence, gave judgment for the plaintiff for the amount of the note.

The great question in the case, and indeed the only question perhaps, is whether the doings of the notary were properly admitted. For if properly admitted, then there can be no doubt, that, taken in connection with the letters, they make out a sufficient case. If not properly admitted, the case should be opened, unless the letters also make a case, by themselves. The case is one large in amount, and every way important.

Some question was made in argument, whether in this case the formal protest could be in any event regarded as evidence, not being made at the very time of the transaction of demand and notice, as is probable, from the usual course of doing such business, and as was shown to have been the usual custom of the notary in this case. But there would seem no good reason, why if any part of the doings of the notary are to be shown by his record of the af-

Austin *v.* Wilson & Calkins.

fair, we should not have the whole, which he esteemed the statement of what he had done, and especially the formal protest, which is the deliberate and solemn record or engrossing, so to speak, of the whole transaction. And in this case, the notary kept no other record. But the books show, that in all cases where the notary keeps a book of records of his doings, the book is admissible after his death.

In the case of a foreign bill the notarial protest is only evidence of a demand and protest for non-payment, at common law, as this is all which properly belongs to the protest, and proof of notice to other parties, is to be shown by the testimony of the notary or other proof, except that in New York and some other States, the certificate of the notary is made proof of notice to the other parties, by special statute. 3 Kent's Com. 115. Chit. on Bills (1836) 642. But in regard to a promissory note, such protest is not evidence, ordinarily, upon either point.

But this evidence is not dependent upon any rule of evidence which applies to the case of a protest, while the notary is living.

1. For in the case of a promissory note, even drawn in one State and payable in another, and indorsed by persons residing in. different States, it could scarcely be contended, that a notarial protest is indispensable in case of non-acceptance or non-payment, as is requisite in the case of foreign bills. The contrary has always been held in England and this country. Promissory notes even after indorsement, follow the law of inland bills of exchange in this respect, where protests are allowed, as evidence of claiming special damage and for convenience in practice, but are not regarded as indispensable to charge the indorser, or as evidence, except for special objects, and under special circumstances.

So that upon both these grounds, the notarial protest is not evidence, while the testimony of the witness may be had. It must therefore be referred to the head of an entry, made by a person since deceased, if admissible upon any ground.

. And here it must be confessed the cases seem to have gone a good deal upon the ground of the necessity of each case, in order to prevent a failure of justice. But this necessity is not the exigency of the particular case, but of a class of cases where it is supposable no better evidence exists of particular facts essential to be shown, in order that justice may prevail. For this purpose the

mere entries of private persons, not sworn, if made in the due course of one's business, and as a record of one's acts, and by one having no motive for misrepresentation, are admissible. And although the rule has been thus far fenced round, with these supposed necessary safeguards, it is one exceedingly liable to relaxation, in any emergency, affording such a degree of stress, as at first induced its adoption.

But in the present case, it seems to us the doings of the notary were properly admissible according to the general principle deducible from all the decided cases upon this subject.

In *Pattershall* v. *Tusford,* 3 B. & A. 890 (23 Eng. C. L. Rep. 212,) TAUNTON, J., thus states the rule upon this subject. "A " minute in writing, made at the time when the fact it records took " place, by a person since deceased, in the ordinary course of his " business, corroborated by other circumstances which render it " probable that that fact occurred, is admissible in evidence."

This is the general doctrine of all the cases upon this subject. It is not essential that the entire record should be made at the very moment of the transaction, but it is sufficient if done within a few days, in the ordinary course of business. It is not expected in such cases, that positive proof will exist of the time of the entry being made. If it appear regular, and purports to contain a cotemporaneous record of the transaction, it will be entitled to the ordinary presumption in its favor.

The present case comes fully within these general rules. But in some cases this very evidence has been received to show the dishonor of a bill or note. In *Poole* v. *Dicas,* 1 B. N. Cas. 649, the entry of a notary's clerk in the notary's book, of *no effects,* was held sufficient evidence to prove the dishonor of the bill, with other circumstances. TINDALL, Ch. J. said, " We think it admissible " on the ground that it was an entry made at the time of the trans- " action, and made in the usual course and routine of business, by " a person who had no interest to misstate what had occurred."

In *Welsh* v. *Barrett,* 15 Mass. 380, the entries of a deceased messenger of a bank, where a note had been lodged for collection, was held evidence to prove demand and notice. This is certainly a stronger case than the present, and it has been very generally followed in this country. *Halliday* v. ———, 20 Johns. 168, was an action upon a promissory note and the protest and register of

Austin *v.* Wilson & Calkins.

protests of a deceased notary, were held admissible evidence to prove demand and notice, such as was detailed. ·

The following cases confirm the same rule. *Nichols* v. *Webb*, 8 Wheaton 326. *Hart* v. *Wilson*, 2 Wend. 513. *Butler* v. *Wright*, 2 Wend. 369. *Nichols* v. *Goldsmith*, 7 Wend. 160. *Merrill* v. *Ithica and O. Railroad Co.*, 16 Wend. 587.

In Smith's Lead. Cas. 1 Vol. 224 Amer. note, it is said, citing from the New York cases, 2 Hill 537. 4 Hill 129, " It is now considered a settled rule, that entries and memoranda made in the due course of business, by notaries, clerks and other persons, may be received in evidence after the death of the person who made them."

We think the demand was all that could be required in the present case, under the circumstances, and incline to think this is a case where no formal demand was necessary. There was certainly no difficulty in the maker finding the note, as the residence of the holder was well known and the note was in fact at the very place where it would have been most likely to be looked for. And the maker having no domicil, or place of business at or near the place of payment, any demand would be vain and useless. And under such circumstances, ordinarily, no demand is required, but the excuse must be stated in such case, or the party may cause demand to be made at the most· public banking house, as was done here.

· The defendants' letters, too, afford the most satisfactory conformation of the regularity of the doings of the notary, and might, within the principle of the decided' cases, be resorted to, if needful to make out a case, by themselves.

· Judgment affirmed.

NOTE. Of a somewhat similar character to this kind of evidence, are declarations *in extremis*, the testimony of a deceased witness at a former trial, and memorandums made by the witness in order to enable him to retain an accurate knowledge of a transaction, in regard to all which, very essential relaxations have from time to time taken place in order to conform to reason and good sense and the just moral weight of evidence. There can be no doubt, that in a moral point of view, and by that, we mean of course, its effect in convincing the understanding and the heart, the testimony in this case was far more satisfactory than that of any single witness upon the stand.