## PEMBROKE v. ALLENSTOWN.

On a question of settlement depending upon the payment of taxes, entries upon the lists committed to the surveyor of highways, made in the usual course of business, and verified by him upon the stand, he having now no memory of the particular facts stated, may be read in evidence.

And where no entry is made by him against the tax in question, but the surveyor testifies that the paper contains a record of all that was paid, it is competent evidence to be weighed by the jury.

ASSUMPSIT, for supplies furnished paupers alleged to be chargeable to the defendant town. The only question in the case was, whether Enoch Holt acquired a settlement in Pembroke by the payment of all taxes legally assessed against his poll and estate for seven consecutive years.

The records of Pembroke showed that Holt was taxed there for the nine years immediately following 1824; and he testified that he had no doubt he paid all the taxes assessed against him in those years. For the purpose of rebutting this testimony and the legal presumption of payment from the lapse of time, the plaintiff introduced, among other evidence, two witnesses who were highway surveyors in the district in which Holt resided while in

Pembroke, and testified that they had no personal recollection whether Holt paid his highway taxes or not the years they were surveyors; but they produced the warrants under which they had acted respectively, on the back of which were the names of the individuals in the district, with the highway tax of each set against his name, but said list was not signed by the selectmen. Against some of these names appeared partial credits in figures and also a cross mark, while against others was a cross mark only. Against the name of Enoch Holt and some others there were no crosses, and with a single exception there were no credits in figures opposite the name of Holt. At the bottom of one of the lists of names and taxes was written the word "Settled"; but the surveyor testified that this word was not written by him or by his authority, and was not upon the warrant when he returned it to the selectmen, but had been written by some person unknown to him after the warrant left his hands.

These witnesses testified further, that, as work was done from time to time upon the highway, under their direction, by the different individuals named in the list, toward payment of the taxes against them respectively, they gave credit by entering the amount of work done from time to time, in figures against the name of each, and when the whole tax of an individual was worked out, a cross mark was placed against his name as appeared on the warrants; that the figures and cross marks, as they appeared on the warrants at the trial, were made by them at or about the time the work was done; that they knew them to be made correctly at the time, and to indicate the true state of each individual's indebtedness or otherwise upon the taxes; and that, at the time the figures and cross marks were made, and within a short time afterward, they should have been able to swear positively to their correctness; and they had now no doubt that the figures and cross marks showed correctly all payments made, by the several individuals

named in the lists, on account of their taxes respectively. From the records of Pembroke, introduced on the trial, it appeared that the highway taxes named in the several warrants as against Holt, were the highway taxes duly assessed against him for the years named in said warrants respectively.

To the testimony of these witnesses, and to the admission of the warrants and tax lists, with the figures and marks thereon, in evidence, the defendants objected, but the court admitted them.

The jury having returned a verdict for the plaintiffs, the defendants moved that the same be set aside and a new trial granted, for supposed error of the court in admitting the foregoing evidence.

*Minot & Mugridge*, for the plaintiffs.

*George, Foster & Sanborn*, for the defendants, to the point that the list and entries did not come within the principle laid down in *Haven* v. *Wendell*, 11 N. H. 112, cited *Price* v. *Lord Torrington*, 1 Smith L. C. 139, and notes; *Watson* v. *Walker*, 23 N. H. 341; *Bachelder* v. *Sanborn*, 22 N. H. 345; *Webster* v. *Clark*, 30 N. H. 245.

BELLOWS, J.   The entries are not admissible as being against the interest of the parties making them, who are now deceased; nor as a return of a returnable process, as is settled in *Davis* v. *Clements*, 2 N. H. 390.   But their admission is placed upon the ground that the persons making them had knowledge, at the time, of their truth; and being now called, testify that they then knew them to be correctly made, and to indicate the true state of each individual's indebtedness, and that they have now no doubt that the entries show all the payments made, though they have no present recollection of the fact whether the person in question did or did not pay his taxes.   It appears that

these entries were made in the regular course of business, by sworn public officers, whose duty it was to keep an account of all sums collected by them; and the same were returned to the proper place of deposit, and kept among the town papers. Whether, in case of the decease of the surveyor, such entries could be read unless shown to be against the interest of the maker, it is not necessary now to decide, although the authorities are numerous which hold that they might be. We, however, regard the principle as settled, that such entries, when verified by the persons making them, as in this case, may be read in evidence. Indeed, the defendants' counsel seem not disposed seriously to deny that they may be read as evidence of what they do state, if it be relevant.

In *Hoit* v. *Wilson*, 2 Wend. 513, the entry, by a clerk, in a register containing a copy of the note, of the residences of the indorsers, with the testimony of the clerk that it expressed to his understanding that he made and addressed the notices, though he then had no memory of it, was held to be admissible as evidence of protest. So in *Alvord* v. *Coffin*, 20 Pick. 431, the posting of an advertisement of sale was proved by a certificate upon the advertisement, signed by the party posting it, who testified to the correctness of the certificate, though he then had no memory of it. To the same effect is *Spaun* v. *Battzell*, 1 Florida 302, 321. In Smith's Leading Cases (5th Am. Ed., vol. 1, pages 397–400) it is stated that in case the party making such entries testifies to their correctness, though he cannot remember the facts now, they are admissible as primary evidence; and to that point are cited many authorities. In *Bank of Monroe* v. *Culver*, 2 Hill 531, it was held that entries made by a clerk in the usual course of business, which he testifies were in accordance with the uniform practice, and has no doubt were truly made, though he has now no recollection of the facts, were admissible evidence. The same doctrine is distinctly laid down in *Merrill* v. *Ith-*

*aca & Owego Railroad,* 16 Wend. 586, 594–599, where the
point was much considered by *Cowen,* J., and the American cases cited. So in *Clark* v. *Vorce,* 15 Wend. 193, the
notes of a deceased witness' testimony taken by counsel,
who could not then testify except from his notes, were admitted to be read; and this accords with the settled practice in New-Hampshire. And the same principle is familiarly applied to the proof of the execution of deeds and
other instruments by the subscribing witnesses.

So far, the cases cited are of entries made in the usual
course of business, as in the case before us. But the same
principle has been extended to entries and other memoranda not made in the course of business, but merely for
the convenience of the party making it, and to assist his
memory, as in *Haven* v. *Wendell,* 11 N. H. 112; *Webster* v.
*Clark,* 30 N. H. 245; *Pillsbury* v. *Locke,* 33 N. H. 96; *Tuttle* v. *Robinson,* 33 N. H. 104; 1 Gr. Ev., sec. 437; *Halsey*
v. *Sinsebough,* 15 N. Y. (1 Smith) 485; *Russell* v. *Hudson
River Railroad,* 17 N. Y. (3 Smith) 134. The doctrine of
these cases has been questioned, but it is too well established in this State to be overthrown, although the court
might not be inclined to extend it.

These entries, therefore, under the circumstances of this
case, are, upon the views we have taken, admissible, if, in
connection with the testimony of the surveyors, they may
legally tend to throw light upon the questions at issue.
Against the taxes in question no entry whatever was made,
except in one instance; and therefore it is claimed, with
some plausibility, that there is no entry respecting the
matter in controversy. If such were really the fact, we
should hesitate long before holding that the testimony of
the surveyors should be received; for that would be but
the expression of an opinion, and not the statement of a
fact. But it must be considered that the surveyors testify
that the entries indicate the true state of each person's
indebtedness, and they have no doubt they show all the

payments made; and it is substantially a statement of a fact that they entered upon the lists all the payments made, and that the lists, with the entries upon them, are true accounts. And we think that these statements correspond with the inferences to be drawn from the lists and entries themselves, regarded as made in the course of a public duty which requires such an account to be kept, and that therefore the statements of the surveyors are rather to be regarded as verifying and explaining the account, as in the case of the *Bank of Monroe* v. *Culver*, 2 Hill 531, before cited, where the clerk was permitted to testify that the entry of the residences of the indorsers indicated that he had sent notices to them. In the case of a memorandum of a conversation made by a witness who had since forgotten the particulars, but who states that it contained the whole, it would have some tendency to disprove other particulars not stated, though its weight would depend upon circumstances to be weighed by the jury. And so in respect to notes of the testimony of deceased witnesses, as is well put by the plaintiffs' counsel.

These views are sustained by the case of *Nourse* v. *M'Coy*, 2 Rawle 70, where, to show a deed to be a forgery, the account of a deceased magistrate, containing a charge for the acknowledgment of three deeds on the same day, but not of the deed in question, was held to be admissible. Indeed, the omission to make an entry when the course of duty would require it, would sometimes be as significant as an entry itself. 2 Smith L. C. (5th Am. Ed.) 397.

Upon the whole we are inclined to hold the evidence admissible, and therefore there must be

*Judgment on the verdict.*