CASE 35—PETITION ORDINARY—MARCH 10.

# Sharp v. Bowlar.

### APPEAL FROM MADISON CIRCUIT COURT.

1. SLANDER—EVIDENCE.—In an action for slander in which the defendant is alleged to have charged the plaintiff with being a thief and with having stolen certain articles while employed as a servant at his house, evidence of witnesses that he had said that his family had missed some things and that plaintiff had the only chance of taking them, although it did not show the speaking of the exact slanderous words charged in the petition, was properly admitted as bearing on the question of malice, and on the question as to whether a statement confessedly made by the defendant to plaintiff's father was confidential and privileged.

2. SLANDER—PRIVILEGED COMMUNICATION—MIXED QUESTION OF LAW

AND FACT.—The father of the plaintiff having inquired from the defendant as to the truth of rumors regarding his daughter's conduct, and the defendant having stated to him that his family had said that she had stolen certain articles, and that the articles were missing and that she did in fact steal them, the question as to whether this was a privileged communication is one of mixed law and fact.

3. INSTRUCTION—PRACTICE.—The jury was properly instructed that they might find for the plaintiff if the defendant falsely and maliciously stated that she stole either one of the articles, but it was not necessary to prove that the defendant stated in terms that the plaintiff was a thief; the statement that she stole the articles mentioned being equivalent to that.

4. PRIVILEGED COMMUNICATION—INSTRUCTIONS.—Instructions to the jury that they should find for the defendant if they believed his statements to the girl's father and others were made in confidence in answer to confidential inquiries, and without intention to injure the plaintiff, and that they should find for defendant if they believed his statements were true and spoken without malice, or intention, or desire to injure the standing or reputation of the plaintiff, fully and plainly informed the jury what facts and circumstances would constitute a confidential and privileged communication.

5. EVIDENCE—PREJUDICIAL ERROR.—The failure of the trial court to caution the jury that the testimony of witnesses as to statements of the defendant were permitted to go to the jury on the question of malice alone, did not prejudice the rights of defendant, the jury having been distinctly told that they could not find for plaintiff unless they believed that the words set out in the petition had been substantially proved.

J. A. SULLIVAN AND W. S. MOBERLY FOR APPELLANT.

1. The peremptory instructions asked for by defendant should have been given (1) because the plaintiff failed to prove substantially the words as charged. Sproule v. Reed, 1 Ky. Law Rep., 229; (2) the facts proved by plaintiff's witnesses showed the communication or statement was a privileged one, made to the stepfather, an agent of the plaintiff, in answer to his inquiry. Am. & Eng. Enc. of Law, vol. 13, page 468; (3) because the testimony of plaintiff's witnesses showed there was no malice on the part of

defendant, and the communication having been made under circumstances making it privileged, the plaintiff must show express malice. Am. & Eng. Enc. of Law, vol. 13, pages 422, 423.

2. The court erroneously in its instruction authorized the jury to find for the plaintiff, if the defendant spoke falsely and maliciously only a part of the language laid in the petition, and did not use the word "thief" in the instructions at all.

3. There was no dispute as to the facts and circumstances under which the communications were made to the plaintiff's father, and it was the duty of the court to decide as a matter of law whether the communication was privileged.

W. B. SMITH AND J. TALBOT JACKSON FOR APPELLEE.

1. In actions for defamation, evidence of other language spoken or written by defendant at other times, is admissible under the general issue as evidence of malice in uttering the words charged. Greenleaf on Evidence, vol. 1, sec. 53, 15th edition; Smith v. Lovelace, 1st Duval, 216.

2. In cases of defamation, evidence of plaintiff's character and standing are eminently important as bearing upon the probability of the truth of the charge, and as bearing upon the degree of injury, and to assist the jury in fixing amount of damages.

3. It is for the court to decide whether the publication is privileged, and if it is decided to be so, then the plaintiff may rebut the presumption by proof of actual malice; no such proof ever went to the jury in this case and the trial judge by overruling the defendant's motion for peremptory instructions and by declaring that it was not necessary to establish actual malice properly passed upon the question of privilege. Odgers on Slander and Libel, side page 185; 13 Am. & Eng. Enc. of Law, page 406.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Mattie Bowlar, an infant, suing by her next friend and step-father, Hayden Bowlar, brought this action for damages against D. F. Sharp, for the alleged false and malicious speaking, in the presence and hearing of divers persons, these words: "Mattie Bowlar is a thief; she stole a box of whitening, and a white silk handkerchief and twelve yards of fine lace from me." Appellant in the first

paragraph of his answer denies that he spoke of the plaintiff the words set out in the petition.

In the second paragraph he says that appellee was a servant at his house, and he did state he and wife missed some whitening, two silk handkerchiefs, a pair of black yarn stockings, about seven yards of lace, two aprons and two pieces of ribbon, and that the plaintiff had returned, or caused to be returned, the two aprons, one silk handkerchief, the two pieces of ribbon and some pictures; that said statement was true, but was spoken without malice or intention or desire to injure the reputation of the plaintiff; that he made said statement to Hayden Bowlar and others upon inquiry made of him by said Bowlar and others as to the conduct of said Mattie Bowlar while she was employed at his house as servant, and that said statement by him was confidential and privileged, and he honestly believed said statements were true at the time he made them. As bearing on the question whether the allegations of the petition were supported by the evidence and whether statements made by appellant were confidential and privileged, and also as to the rulings of the court on the instructions, it is proper to set out substantially the testimony of Hayden Bowlar to whom, as he testifies, the slanderous words were spoken. It is as follows: "After Mattie Bowlar had returned home for the Christmas holidays from appellant's house, myself, Mattie Bowlar and members of my family had heard rumors concerning the conduct of Mattie while at his house, and I went for Mattie, and at her request, to see appellant about these rumors. I said to him: 'I

understand that there is a rumor in the neighborhood that Mattie Bowlar has stolen some things from your family, and I have come to ask you and to find out about it.' In response to my question, he said: 'I have not been talking or saying anything about Mattie Bowlar myself, but my wife and children said to me that she stole two aprons and about seven yards of lace, a pair of hose, two napkins, a box of fine face powder and a little money, and a few other things have been missed, and she returned the two aprons, one at a time,' I asked him if he now said that she stole the articles and he replied, 'The articles were missing and the two aprons were returned, and I could call it stealing or not.' He also said in the conversation, after I had asked him about it, that these were the facts, and further said: "'To be plain with you, she stole the articles.' "

Another witness was present and heard a part of the conversation, but did not hear the words, "To be plain with you, she stole the articles." Two other witnesses testified substantially that on different occasions, upon being asked by them about the rumor in the neighborhod concerning the conduct of Mattie Bowlar while at his house, appellant stated that his family had missed some little things, aprons, lace, hose and so on, and Mattie Bowlar had the only chance of taking them, and she is not coming back.

The testimony of the last two-named witnesses was objected to on the trial. But, we think, that, although it did not show the speaking of the exact slanderous words set out in the petition, the evidence was competent on

the question of malice, and as to whether statement ad-
mitted by appellant to have been made was confidential
and privileged.

It is also proper in this connection to say that, although
the words set out in the petition were not proved to have
been literally spoken by appellant, the substance of them
was shown to have been uttered by him, and there was
evidence tending to show they were false.

The main question in this case is whether the statement
was a confidential and privileged communication, and for
that reason not actionable.  Although the statement ad
mitted in his answer by appellant to have been made
claimed to have been confidential and privileged, differs.
from the language set out in the petition and proved by
Hayden Bowlar, in that he does not admit that he stated
Mattie Bowlar had stolen the articles mentioned, we wil
consider and determine the main question as if admitted
substantially as alleged in the petition.

To constitute a confidential and privileged communica-
tion a bar to recovery in an action for slander it is neces-
sary:

1st. That the communication was made by the defend-
ant in good faith, without malice, not voluntarily, but in
answer to an inquiry, and in the reasonable protection
of his own interest or performance of a duty to society..

2. That the defendant must honestly believe the com-
munication to be true.

3d. There must have been reasonable or probable
grounds known to him for the suspicion.

4th. That the communication, if made in answer to an.

inquiry, must not go further than to truly state the facts upon which the suspicion was grounded, and to satisfy the inquirer that there were reasons for the suspicion.

Even waiving consideration of the fact that he went further than to truly state the grounds of suspicion and stated that she stole the articles mentioned, if he did so state, it is manifest, as this case appears to us, that a mixed question of law and fact was presented.

Therefore, the court could not, as argued by counsel he ought to have done, determine outright whether the communication was confidential and privileged. The inquiry then is whether the court properly instructed the jury.

The first instruction authorized a recovery, if the jury believed the defendant, in the presence of others, falsely and maliciously spoke of Mattie Bowlar the words: "She stole a box of whitening or a white silk handkerchief, or twelve yards of fine lace from me." That instruction does not set out the words literally as alleged or proved, nor was it necessary either to prove or for the jury to find that he stated, "Mattie Bowlar stole each one of the articles mentioned," it being sufficient for the jury to find as a fact he falsely and maliciously stated that she stole either one of the articles. Nor was it indispensable, in order to maintain the action, to prove or for the jury to find as a fact that appellant stated in terms, as alleged in the petition, that "Mattie Bowlar is a thief," because the statement that she stole the articles mentioned is equivalent to the downright statement "she is a thief."

In the second instruction given, the jury was told to

Sharp v. Bowlar.

find for the defendant if they believed that his state-
ments in the presence of Bowlar and others were made
in confidence, in answer to confidential inquiries, and
without any intention to injure Mattie Bowlar.

Moreover, in the third instruction the jury was directed
to find for defendant if they believed he spoke the words,
that "he and his wife missed some whitening, two silk
handkerchiefs, a pair of black stockings, about seven
yards of lace, two aprons, and that plaintiff had returned,
or caused to be returned, the said aprons, one silk hand-
kerchief and two pieces of ribbon," and that said state-
ments were true, spoken without malice or intention or
desire to injure the standing or reputation of the plaintiff.
We think the jury was fully and plainly informed by
those two instructions what facts and circumstances
would constitute a confidential and privileged communica-
tion.

Indeed the third instruction was more favorable to
the defendant than the law authorized, in this, that they
were permitted to find for him, notwithstanding, as
proved, he went further than a mere communication of
the facts upon which his suspicion was based, and made
the distinct charge that she stole the articles mentioned.

The failure of the court to caution the jury that the
testimony of witnesses as to statements made by defend-
ant other than those proved by Hayden Bowlar were per-
mitted to go to the jury on the question of malice alone
did not, as argued by counsel, prejudice the rights of
defendant because the jury was distinctly told they could

not find for plaintiff without believing that the words set out in the petition had been substantially proved.

As no apparent error of law prejudicial to rights of defendant occurred on the trial, and there are facts sufficient to support the verdict, the judgment is affirmed.

Judge Burnam not sitting.