CASE 3—ACTION FOR LIBEL—SEPTEMBER 26.

## Caldwell v. Story.

APPEAL FROM BARREN CIRCUIT COURT.

1. SLANDER AND LIBEL—PRIVILEGED COMMUNICATION.—A report made by the cashier of a bank to which a note had been sent for collection of the reason for its non-payment that it was a "fraud, forgery, &c.," is a privileged communication.
2. SAME—VENUE.—An action for slander against the person who gave to the cashier such information must be brought in the county in which the alleged slander was uttered and not in the county to which it was transmitted by the cashier by mail.

Caldwell v. Story.

JOHN SANDIDGE AND W. L. PORTER FOR APPELLANT.

1. As to Simpson, the cashier, the communication was not a privileged communication. Marks v. —————'—————, 28 Minne., 162.
2. If the communication be held privileged as to Simpson, appellant may nevertheless maintain his action against Story.
Starkie on Slander & Libel, 341; Malone v. Carrico, 16 Ky. Law
Rep., 155; ————— v. —————, 121 Mass., 393; 23 Am. Rep., 279;
Howard v. Baxter, 47 Mich., 198; Hoar v. Wood, 3 Met., 193.

BAIRD & STURGEON FOR APPELLEE.

1. Did the court err in overruling appellee's special demurrer? Carroll's Civil Code, sec. 74, p. 61.
2. Did the court err in overruling appellee's general demurrer?
Vol. 13, Enc. of Law, 294.
3. Was the court in error in dismissing appellant's action on the
motion of appellee?

J. A. BRENT ON THE SAME SIDE.

Counsel discussed the same points and to the first point cited sec.
74 of the Civil Code.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

To collect a note of ·appellee, Story, which Caldwell
held, he gave it to Trigg & Co., bankers, at Glasgow, Ky.,
who sent it through the Bank of Cumberland to the Bank
of Albany, Clinton county, Ky. Simpson, as cashier of
the Bank at Albany, presented it to Story for payment.
Story refused payment, and, as alleged by the appellant,
directed, induced, and procured Simpson to return the note
to Trigg & Co., through the Bank of Cumberland, with an
indorsement on it as follows, to wit: "Never signed a
note; fraud, forgery," etc.

It is alleged in the petition that the words
were false, libelous, and defamatory, and that they
were so published in Barren county, to the appellant's damage in feelings, reputation, etc. . Story and
Simpson reside in Clinton county, Ky., and they were summoned there to answer this action in the Barren circuit
court. By a special demurrer and plea, Story questioned

the jurisdiction of the court, and also answered that he did not direct Simpson to make the indorsement on the note of which complaint was made. Simpson answered, and alleged that Story had directed him to make the report which he made; that the Bank of Cumberland was the corresponding agent of Trigg & Co., and that the Bank of Albany, of which he was cashier, was the corresponding agent of the Bank of Cumberland; that he received the note as cashier of the bank; that he presented the note to Story for payment, and he refused to pay it; that it was the custom of bankers in this State, when bills and notes are received by them for collection, and payment refused, to indorse on such paper or slip attached thereto the reasons given for non-payment, and to forward the same to the bank from which the paper originally started; that he in good faith, and without malice towards the appellant or purpose to injure him, and without any intention or purpose of charging him with the crime of forgery or fraud, made the indorsement on the note; that he in good faith made the indorsement on the note for the sole purpose of informing the appellant and his agents, Trigg & Co., the defense that Story claimed to have to the note; that the note was returned by mail from the Bank of Cumberland to Trigg & Co.; that the indorsement on the back of the note was a privileged and confidential communication to plaintiff's agents, Trigg & Co.; that he, in discharge of his duty as cashier of the Bank of Albany, made the indorsement, that the appellant might know the reasons which Story gave for refusing to pay the note.

No reply was filed to this answer, and, upon the trial of the case, the court gave a peremptory instruction to the jury to find for Simpson, which was accordingly done. No objection was made or exception taken to the giving

of the instruction, and no appeal is prosecuted as to Simp-son.

It is insisted that the communication which Simpson made was privileged. The communication which he had made was as corresponding agent. The method of collections usually employed by banks is the same as was employed in this case, and as contemplated by Caldwell when he gave Trigg & Co. the note for collection. The general rule may be stated to be that a communication made in good faith upon any subject in which the person has an interest, or with reference to which he has a duty, public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty, is privileged.

Under the custom of bankers in this State, it was the duty of Simpson, as cashier of the Bank of Albany, to report the reasons for non-payment, and he made the report to the parties to whom he was under obligation to make it. The corresponding duty was upon Trigg & Co. to inform their customer the reasons which the payor of the note gave for its non-payment. In our opinion it was a privileged communication. If this be correct, then it can not be adjudged that Story has been guilty of libel. He may have been guilty of slander in the statement which he made to Simpson, but it necessarily follows, if the communication which Simpsom made was privileged, the offense of libel was not committed.

So, if Story was guilty of slander, it took place in Clinton, not in Barren, county; and, under section 74, Civil Code of Practice, the venue of the action was in Clinton, not in Barren, county, and the court properly dismissed the action as to Story.

The judgment is affirmed.