CASE 53.—ACTION BY S. A. RANSON AGAINST J. M. WEST
    FOR LIBEL.—April 25.

# Ranson v. West

Appeal from Christian Circuit Court.

THOMAS P. COOK, Circuit Judge.

From a judgment sustaining a demurrer to the
petition plaintiff appeals.    Affirmed.

125    457
f135   215

125    457
138    589

1.  Libel—Qualified Privilege—Official Communication of School
    Trustees—Ky. Stats., 1903, section 4418, provides that the
    county superintendent of schools shall decide all questions
    of difference as to the duties of the common school trustees,
    and direct them in discharging the same.    Section 4450 pro-
    vides that at the termination of each school year the trustee
    shall make a report to the county superintendent of matters
    therein specified.    Defendant, having succeeded plaintiff as
    a school trustee and entered upon his official duties, wrote,
    with another trustee, a letter to the county superintendent,
    inclosing a statement of appraisers of the work plaintiff had
    done for the district to assist the superintendent in making
    plaintiff pay back to the district the money that belonged to
    it, asking that she have plaintiff itemize his whole account,
    and stating that he had charged about $5 for coal, while
    all who saw it said there was about 15 bushels.    Held, in an
    action of libel, that, though the words were actionable, yet
    they would not support a recovery; the letter being privileged
    as an official communication, unless it appeared that the
    words were published without any reasonable grounds to
    believe them true.
2.  Same—Actions — Petition — Construction    of    Allegation—An
    allegation in an action for libel that the words were pub-
    lished without lawful justification or excuse is not an allega-
    tion that they were published without any reasonable grounds
    to believe them true.

Ranson v. West.

C. H. BUSH for appellant.

POINTS IN BRIEF AND AUTHORITIES CITED.

The petition stated a cause of action and therefore the general demurrer filed thereto by appellee should have been overruled, and the circuit court in sustaining said demurrer and dismissing the petition erred and should be reversed by this court.    (11 Ky. Law Reporter, p. 586; 11 Ky. Law Reporter, p. 697; 13 Ky. Law Reporter, p. 302; 13 Ky. Law Reporter, p. 454).

BREATHITT & BELL for appellee.

POINTS AND AUTHORITIES.

1.    The letter complained of is not libelous per se.    (Newell on Slander and Libel, page 286, section 23).

2.    The letter sued on was an absolutely privileged communica-tion.    (Newell on Slander and Libel, p. 418, sec. 16-17; Townshend on Slander and Libel, p. 300, sec. 209; Townshend on Slander and Libel, p. 509, sec. 286).

3.    Trustees duty to report failure of out-going trustee to turn over money or property to his successor.    (Section 92 of the Acts of 1904; Section 56 of Act Supra; Section 41 of Act Supra).

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

S. A. Ranson was a common school trustee in Chris-tian county, and was succeeded by J. M. West. After West entered upon his duties as trustee, the following letter was written to the county school superintendent, Miss Katie McDaniel: "Crofton, Ky., October 15, 1904: Miss Katie: Enclosed you will find statement of appraisers of the work S. A. Ranson did for our district. The people complain so much that we, the board of trustees, decided to have this done to assist you in making him pay back to the district the money that belongs to them. He also spent a considerable amount of money collected for incidental purposes unjustly. You will please have him to itemize his

whole account, so we will know how it was spent. He
has got us charged about five dollars for coal. All
who saw it say there was about fifteen bushels. We
hope you will see about this at once, as we need the
money to pay for stove. J. M. West, J. F. Haskins.''
Ranson then filed this suit against West to recover
damages, charging that West had written the letter
wrongfully, unlawfully, and maliciously, with intent
to injure and destroy his good name. He also made
this allegation: ''That the words written and pub-
lished aforesaid were without any lawful justification
or excuse, and by reason of which he has been greatly
injured,'' etc. The circuit court sustained the defend-
ant's demurrer to the petition, and the plaintiff
appeals.

In McGee v. Wilson, 16 Ky. 187, this court said:
''It does not follow that the libel is not actionable
because words of similar import when spoken are held
not to be so; for the rule with respect to written
slander is different from that which prevails when it
is only verbal. Words, to be actionable when spoken
of a person not in any office, trade, or profession,
must imply the imputation of an offense which would
subject him to corporal, or other infamous punish-
ment; but words, when written, if they tend to de-
grade or disgrace, or to render odious or ridiculous
the person of whom they are written, will be libelous,
and consequently actionable.'' The same rule was
announced in Shelton v. Nance, 46 Ky. 129, and in
Riley v. Lee, 88 Ky. 610, 11 S. W. 714, 11 Ky. Law
Rep. 586, 21 Am. St. Rep. 358, the court, after re-
ferring to the authorities on the question, thus laid
down the rule: ''So it may be regarded as thoroughly
settled that if the written or printed publication tends
to degrade the person about whom it is written or

printed (that is, if it tends to reduce his character or reputation in the estimation of his friends or acquaintances or the public from a higher to a lower grade), or if it tends to disgrace him (that is, if it tends to deprive him of the favor and esteem of his friends or acquaintances, or the public, or to render him odious, ridiculous, or contemptible in the estimation of his friends or acquaintances, or the public), it is per se actionable libel." Under the rule thus laid down, the words sued for are actionable. It remains to consider whether were privileged. The letter shows on the face that it was a report from the trustees of the district to the school superintendent. The common school trustee is an officer elected by the people. He performs his duties under the direction of his superior, the county superintendent. When he goes out of office, he must within 10 days thereafter deliver to his successor any money, property, or papers in his custody as trustee. The county superintendent must decide all questions of difference or doubt touching the duties of the trustees, and direct them in discharging their duties. Appeals may be taken to the county superintendent from the action of the trustees. See Ky. Stats., 1903, sections 4418, 4450, 4456. It is the duty of trustees to report to the superintendent matters concerning the district on which his direction is sought. If Ranson had not turned over to his successor the money of the district, or if he had improperly paid out the money for purposes not authorized, or if he had charged the district for coal which he did not deliver, these were proper matters for the trustees to bring to the notice of the superintendent, that he might investigate the matter and take such action as would protect the interests of the district, or cause it to be taken. It being within the scope of

the trustees' duties to furnish this information to the superintendent, are they liable if they so do?

Privileged communications are divided into two classes: "(1) Cases absolutely privileged, so that no action will lie, even though it be averred that the injurious publication was both false and malicious. (2) Cases privileged, but only to this extent: That the circumstances are held to preclude any presumption of malice, but still leave the party responsible if both falsehood and malice are affirmatively shown." Cooley on Torts (3d Ed.) 425. See, also, to same effect, Townshend on Slander and Libel, section 209. "The class known as absolutely privileged occasion is comparatively a narrow one, and, speaking generally, is strictly confined to legislative proceedings, judicial proceedings in the established courts of justice, acts of state, and acts done in the exercise of military and naval authority." 18 Am. & Eng. Ency. of Law, 1023. All other privileged communications except those named belong to the second class, or are conditionally privileged. Anything that an officer says in a report to his superior in the discharge of his duty is privileged, and no action can be maintained upon it as for a libel, unless the plaintiff both avers and proves that the words were used maliciously and without reasonable or probable cause on the part of the officer to believe them true. The tendency of the later cases is not to extend the class of absolutely privileged communications, but to place the burden upon the plaintiff in the case of an official report by an officer to show both malice and want of probable cause. In Cooley on Torts the rule is thus stated: "The proceedings of common councils, county boards, and other like bodies are only conditionally privileged." Cooley on Torts, p. 431. "The

cases only conditionally privileged are those in which the utterance or publication is on a lawful occasion, which fully protects it, unless the occasion has been abused to gratify malice or ill will. A petition to the executive or other appointing power in favor of an applicant for an office, or a remonstrance against such an applicant, is a publication thus privileged. No action will lie for false statements contained in it, unless it be shown that it was both false and malicious. And this rule will apply to petitions, applications, and remonstrances of all sorts addressed by the citizen to any officer or official body asking what such officer or body may lawfully grant, or remonstrating against anything which it might lawfully withhold. It is a necessary part of the right of petition that such papers, presented in good faith, should be protected. And it is privileged while being circulated, as well as after it is being presented. All official communications made by an officer in the discharge of a public duty are under the like protection. In some cases these latter communications are held to be absolutely privileged. A report of a committee appointed by a town meeting is conditionally privileged." Cooley on Torts, p. 434. The cases in which official communications have been held absolutely privileged are, as a rule, confined to communcations from the heads of departments made pursuant to law, in which the head of the department speaks for the government, or as its mouthpiece. See Spalding v. Vilas, 161 U. S. 483, 16 Sup. Ct. 631, 40 L. Ed. 780. The principle has not been extended to all officers. See Maurice v. Worden, 54 Md. 233, 39 Am. Rep. 384; White v. Nicholls, 3 How. (U. S.) 266, 11 L. Ed. 591; Bradley v. Heath, 12 Pick. (Mass.) 163, 22 Am. Dec. 418; Howland v. Flood, 160 Mass. 509, 36 N.

E. 482; Smith v. Higgins, 16 Gray (Mass.) 251; Inre Investigating Committee, 16 R. I. 751, 11 Atl. 429; Pearce v. Brower, 72 Ga. 243; Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440; 3 Lawson on Rights, Remedies and Practice, section 1295; Townshend on Slander and Libel, section 237.

In the case at bar the plaintiff averred that the words complained of were published without any lawful justification or excuse. What is a lawful justification or excuse is a question of law. An allegation that the words were published without a lawful justification or excuse is not an allegation that they were published without any reasonable grounds to believe them true; and, as the petition shows on its face that the letter was a report by an inferior officer to his superior, within the scope of his duty, the plaintiff failed to state a cause of action, in that he did not show that the report was made without reasonable grounds. The petition therefore was insufficient, and the demurrer to it was properly sustained.

Judgment affirmed.