CASE 34.—ACTION BY ED EDWARDS AGAINST M. R. KEVIL FOR SLANDER.—April 20, 1909.

# Edwards v. Kevil

Appeal from Caldwell Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1.  Libel and Slander—Plea of Privileged Communication—Sufficiency.—In slander the words charged to have been spoken were: "I reckon E. (plaintiff) is satisfied now, he burned this out. I received word some time ago that he intended to burn them." And when asked what he meant: "Well, I heard that he, (E) was going to burn them." The answer averred that the words were spoken under circumstances making them privileged, and that the words used were: "I reckon E. is satisfied now my house is burned. I was notified he intended to burn it. I couldn't think he was mean enough to do it, but I took additional insurance." Held, that the words admitted to have been spoken, though not the identical words charged, were in effect the same, and actionable, and the answer good within the rule that a defendant in slander, pleading that the words spoken were privileged, must admit that he spoke the words charged, or words of similar import in themselves actionable.

2.  Libel and Slander—Privileged Communications—Origin of Fire.—A statement confidentially and in good faith, by a person whose property has been destroyed by fire, of one whom he suspects to be the incendiary, in an effort to get advice and assistance from a friend whose property also has been injured, is privileged communication.

3.  Libel and Slander—Actions—Questions for Jury.—Whether a charge of having set fire to a building was made under such circumstances as to constitute it a privileged communication held for the jury.

4.  Libel and Slander—Actions—Evidence —Admissibility.—In
    slander for having charged plaintiff with burning a building,
    the defense of privileged communication was made, and evi-
    dence introduced of statements by plaintiff indicating an in-
    tention or desire to burn or have burned the building, and that
    such statements were communicated to defendant previous
    to the fire. Held, that evidence by plaintiff that he had not,
    in fact, made such statements was properly excluded, for if
    defendant in good faith believed what was communicated to
    him, and it was such as a reasonably prudent man would be-
    lieve, it was immaterial for the purposes of his defense
    whether plaintiff made the statements or not.

WARD HEADLEY and S. D. HODGE for appellant.

R. W. LYSANBY, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirm-
ing.

This action in slander was instituted by the appel-
lant, who was plaintiff below, against the appellee,
defendant below. The actionable words, which were
charged to have been spoken during a fire that de-
stroyed a building owned by appellee, are these: "I
reckon Ed Edwards is satisfied now, he burned this
out. I received word some time ago that he intended
to burn them." When asked what he meant by this
language, he replied: "Well, I heard that he (Ed-
wards) was going to burn them."

In the first paragraph of his answer, the appellee
denied speaking the words charged; and, in the sec-
ond paragraph, set up that the appellant, previous to
the fire, had threatened frequently to burn the build-
ing, and during the fire he (appellee), in a conversa-
tion with G. C. Dollar, the owner of a building that
was injured by the fire, communicated to Dollar in
confidence, and for the purpose of aiding him and se-
curing his assistance and co-operation in investigat-
ing the origin of the fire, the information he had re-
ceived concerning the threats of appellant, and, in

the course of the conversation with Dollar, said to him without malice, and for the sole purpose of procuring his aid in ascertaining the author of the fire, "I reckon Ed Edwards is satisfied now my house is burned. I was notified he intended to burn it. I couldn't think he was mean enough to do it, but I took additional insurance." It will thus be observed that appellee, while admitting he spoke substantially the language charged, claimed that it was under the circumstances a privileged communication. The point is made, however, that appellee, if he desired to justify or to claim that the words were spoken under circumstances that amounted to a privilege, must admit speaking the identical words charged in the petition.

The rule is that, when the defendant, in an action for slander justifies, or when he pleads that the words spoken were a priveleged communication, he must admit that he spoke the words charged, or words of similar import that would in themselves be actionable. It is not necessary that the defendant should admit speaking the precise words charged in the petition. It will be sufficient if he admits the substance of the words, or so much of them as would sustain an action for slander. Thus in Shipp v. Patton, 93 S. W. 1033, 29 R. 480, the words upon which the action was based were these: "Miss Nellie, when she was employed as a clerk in my store, dishonestly took away goods from the store that did not belong to her. I found in her grip a lot of goods that she had dishonestly taken from my store and put in the grip, and I accused her of dishonestly taking these goods, and she broke down and cried and begged me not to discharge her because it would disgrace her, and I kept her a few days longer in the store, and then discharged her. I

would say this to anybody, because I can prove it, and I wouldn't hesitate to go into her own family and say just what I have said to you.'' The defendant in that case filed an answer, in which, after admitting that he spoke the words as charged, except that he did not use the word ''dishonestly,'' denied that he spoke them maliciously, and further averred that they were spoken under circumstances that made them a privileged communication. The lower court required the defendant, before permitting him to rely on the defense that the words were privileged, to admit speaking the identical words charged. in the petition. In criticising this ruling of the lower court, this court said: ''To say that a defendant in a slander suit must admit all the words charged, before he is allowed to plead a qualified privilege, places the defendant in a dilemma. If he denies the speaking of the words, the plaintiff will often prove the substance of them and recover. If he is compelled to admit all the words to plead the privilege, then he must often admit that which is not true in fact, and enough to show that he was actuated by malice, which will defeat him. The plea of the defendant in this case was in its nature a plea of confession and avoidance, and, while denying the use of the word 'dishonestly,' confessed enough to give 'color' to appellee's petition; that is, left uncontroverted enough of it to give her a cause of action.'' Adhering to the ruling of the court in the Shipp Case, which we believe to be correct, it follows that in an action for slander, when the defendant pleads that the words spoken were privileged, he may deny that they were spoken maliciously and set out the exact language used by him, although it may not be identical with that charged in the petition; but it

must be so nearly similar to it, and admit enough of the language charged to maintain an action. Applying this principle to the case before us, it is manifest that the words admitted by appellee to have been spoken were actionable, and, although not the identical words charged, they were in substance and effect the same, and so the court did not err in holding the answer to be good.

Nor is there any doubt that, if the words were spoken under the circumstances described by appellee in his answer and evidence, they were privileged in the sense that appellee had the right to show the facts surrounding their publication as an excuse or justification for the utterance. A person whose property is destroyed by fire may in a confidential way confide to his neighbors and friends whom he suspects as the incendiary, if his suspicions are based upon reasonable information or grounds, and his declarations are made in good faith. Faris v, Starke, 9 Dana, 128, 33 Am. Dec. 536; Grimes v. Coyle, 6 B. Mon. 301; Harper v. Harper, 10 Bush, 447; Campbell v. Bannister, 79 Ky. 205, 2 R. 72; Nix v. Caldwell, 81 Ky. 293, 5 R. 275, 50 Am. Rep. 163; Townsend on Slander & Libel, p. 440. There was sharp conflict in the evidence as to the circumstances under which the words were spoken. According to the evidence for appellant, they were not spoken confidentially, or in good faith, or in an effort in advising or consulting with friends concerning the origin of the fire. On the other hand, the appellee testified that, in confiding his suspicions to a fellow sufferer at the fire, he believed that the information previously conveyed to him that appellant was the incendiary was true, and used the language imputed to him in an effort to get advice and assistance from his friend, whose property was also injured. It is,

however, sufficient to say, in respect to this conflict in the evidence, that it was a matter for the jury, under proper instructions, to decide which story they would accept as true. If the version of appellant and his witnesses was believed by the jury, the communication complained of was not a privileged one; but the jury evidently accepted appellee's account of it as correct.

On the trial of the case the appellee introduced several witnesses, who testified that previous to the fire they heard appellant make remarks that indicated an intention or desire upon his part to burn or have burned the building of appellee, and that previous to the fire they communicated to appellee these threats. After this evidence was introduced, the appellant offered to show by his own testimony that he had not made any of the statements attributed to him by the witnesses; but the trial judge refused to permit him to deny that he had made these statements, putting his ruling upon the ground that it was immaterial, so far as the question of privilege was concerned, whether he in fact made the statements or not, if the statements previous to the fire had been communicated to appellee as coming from him. Of this ruling serious complaint is made. In our opinion the decision of the trial court upon this point was correct. For the purposes of appellee's defense, it was not material whether or not appellant used the language attributed to him by the informants of appellee. If the appellee in good faith believed what was communicated to him, and it was such as a man of reasonable prudence would believe, he had the right to act upon the assumption that it was true, although as a matter of fact it may have been false. Shipp v. Commonwealth, 124 Ky. 643, 99 S. W. 945,

30 R. 904 10 L. R. A. (N. S.) 335. If appellant had been permitted to deny the remarks, the effect would be to inject into the case a question of veracity that threw no light upon the issues being tried. Under circumstances like those developed in this case, when information, such as a reasonably prudent man would believe, is communicated to him, he is not required, before acting upon it in good faith in a natural and reasonable way, to investigate its truthfulness.

The judgment of the lower court is affirmed.