## Turner v. Hamlin

(Decided February 26, 1913.)

### Appeal from Bell Circuit Court.

1. Records—Supplying Lost Papers—Appeal.—Lost papers may be supplied by a proceeding in the circuit court, and the supplied papers may take the place of the original for the purposes of appeal.

2. Records—Supplying Lost Papers—Appeal.—Objections to the regularity of the proceedings in the circuit court supplying the record, and to the correctness of the supplied record, must be made by appeal from the order of the circuit court supplying the record, and cannot be considered on the appeal taken on the merits of the case in which the supplied record is used.

3. Infants—Action Against to Recover Debt of Ancestor—Pleading.— In an action against an infant to recover on a claim which is alleged to be the debt of his ancestor, every fact must be stated which would be necessary in a petition against the ancestor on the claim. The allegation that it was a debt of the ancestor is a mere conclusion of law.

4. Judgment—Pleading.—Although a judgment may be *prima facie* evidence of a fact, an allegation of the recovery of the judgment is not a sufficient allegation of the fact.

5. Infants—Sale of Property of Under Erroneous Judgment—When Sale Should Be Set Aside.—When an infant's property is sold under an erroneous judgment and purchased by the plaintiff in the action, on the reversal of the judgment the sale should be set aside.

N. J. WELLER, for appellant.

O'REAR & WILLIAMS, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Sim Hamlin brought this suit in equity on December 27, 1897 in the Bell circuit court against J. P. K. Turner and his guardian, C. Hurst. An answer was filed by the guardian on January 6, 1899. On the next day, January 7, the plaintiff entered a motion to submit the case for judgment, and on January 26, a judgment was entered by which the plaintiff recovered of Hurst as guardian $61.00 with interest and cost; and three tracts of land belonging to the ward were ordered to be sold to satisfy the judgment. The sale was made on January 9, 1899, and 30 acres of the land was bought by the plaintiff, for the amount of his debt and cost. The sale was reported to the court at its January term, 1899. The defendant filed exceptions to the sale which were overruled, and the sale was confirmed. After Turner became of age he took out an appeal from the judgment before the clerk of this court; but in the meantime the papers of the original case were lost, and had to be supplied by a proceeding in the Bell Circuit Court. The commissioner appointed for that purpose filed his report supplying the lost papers; the court confirmed his report and ordered that the papers so supplied should be taken and treated as the original papers in the case. A copy of the supplied record has been filed here, and the appeal has been submitted.

It is insisted for the appellee that it is apparent on the face of the supplied record that the answer which has been supplied is not the answer that was originally filed, for the reason that it contains three paragraphs, the second and third setting up affirmative matter which required a reply, and it is urged that this court must know that if such an answer had been filed the case would not have been submitted for judgment, and a judgment entered in favor of the plaintiff. It is also insisted that the record before us does not show that the commissioner took proof or that it was shown in the circuit court that there was no attested copy of the paper in existence. But all of these objections should have been urged in the circuit court in the proceeding to supply the record. We must presume here that the commissioner proceeded properly, and that there was no error in the proceeding of the circuit court. The only thing necessary to be brought here on this appeal by the appellant from the

original judgment is a copy of the supplied record, and a copy of the orders of the court supplying it. The judgment of the court in that proceeding is a final order, and it was unnecessary to bring the proof heard before the commissioner here on this appeal. That proof would only be material on an appeal from the order of the circuit court supplying the record. If the appellee had taken an appeal from that order, we would either hold up this appeal until that appeal could be decided or we would hear the two appeals together. But no suggestion has been made that we should do this, and on the contrary this appeal has been submitted by consent. It is true that after the court entered a final order supplying the record, Hamlin entered a motion to set aside the order, and to be allowed to file exceptions, and the case was submitted on the motion. But he then tendered no exceptions and the court made this qualification to the order without any objection or exception by Hamlin:

"But this motion is not to prejudice the right of the defendant, J. P. K. Turner, to use the record supplied by said commissioner to complete and perfect the appeal from the original judgment herein, now pending in the Court of Appeals."

This order was entered on June 20, 1912, or six months before the submission of this appeal, and there is no suggestion that the circuit court has sustained the motion. On the contrary it is suggested that the motion was overruled. At any rate it seems to us that the submission of this case without objection, on the record as it stands, must be treated as a consent by both the parties to try the case on the record.

There is no suggestion that the plaintiff's petition is not correctly supplied, and we find that the petition is insufficient to support the judgment. It is alleged in the petition that Hurst is the statutory guardian of the infant Turner; that at the October term of the Pineville police court, 1896, the plaintiff recovered a judgment against C. Hurst, as guardian of J. P. K. Turner, for $61.00 with interest and cost; that this sum was for debt due by J. C. Turner, the deceased father of J. P. K. Turner; that the plaintiff had had an execution issued on the judgment which had been returned no property found, and that the debt was unpaid; that J. P. K. Turner had no personal estate out of which the plaintiff could make his debt, but owned an undivided half in-

terest in certain tracts of land situated in Bell County and described in the petition. The plaintiff prayed a judgment for his debt, interest and cost and a sale of the land.

The statement that the sum sued for "was for debt due by J. C. Turner, the deceased father of said J. P. K. Turner" was a mere statement of a conclusion of law. What the pleader might consider a debt of J. C. Turner might not be in fact a debt at all in the judgment of the court, and it has been often held that an allegation that the defendant is indebted, is not sufficient. (Newman on Pleadings, Section 207, Huffaker v. National Bank of Monticello, 13 Bush, 287, and cases cited). In order to make out a cause of action against the infant for a debt due by his ancestor, it was necessary to set out in the petition every fact that would be necessary to make out a cause of action against the ancestor if the suit had been brought against him. So far as this petition shows we are left entirely to surmise what sort of cause of action the plaintiff claimed to have against the ancestor; and there is nothing stated from which we can determine that it was a valid cause of action. This defect in the petition was not cured by the answer, or by the judgment against the guardian. It is true that we have held that a judgment against a personal representative is *prima facie* evidence in a subsequent action against the heirs to subject their land to the debt. (Hopkins v. Stout, 6 Bush, 375, Stevenson v. Flournoy, 89 Ky., 561.) But whether that rule should be supplied between guardian and ward we need not determine; for the allegations of the petition are not sufficient to show that the plaintiff had a cause of action against the ancestor. If the plaintiff had alleged in his petition facts showing a valid cause of action against the ancestor, and had alleged that he had sued the guardian upon this cause of action, and upon it had recovered a judgment against him, the question suggested would be presented. But we have held in a long line of cases that the allegation of a judgment which would be prima facie evidence of a fact, is not a sufficient allegation of the fact to warrant a recovery. In Gregory v. McFarland, 1 Duv., 62, a similar question was presented. The court after stating the rule where the presumption is conclusive, thus stated the rule in the case of disputable presumptions:

"But, with reference to disputable presumptions,

there ought, perhaps, to be less indulgence now than was allowed under the old practice; because each party has, now, a right to require that the facts relied upon against him shall be sworn to by his adversary. The failure of a party to state a fact relied upon by him, concerning the truth of which he has, or may be presumed to have, knowledge, and his attempt to obtain the benefit of it by stating a fact which raises only a *prima facie* presumption of the fact relied upon, furnish reason to believe that he is unwilling to swear to the fact, the benefit of which he thus seeks to obtain. One object of the Code is to appeal to the conscience, and to deprive parties of the benefit of facts to the truth of which they are unwilling to swear. It seems to us, therefore, that, as a general rule, the statement of a fact constituting a cause of action or defense cannot be obviated by the statement of a fact which raises only a *prima facie* presumption of the fact relied upon; and we percieve no reason for excepting this case from the operation of that rule.''

See also Williams v. Gordon, 11 Bush, 695, Roush v. Turnpike Co., 27 R., 544.

The petition is also defective in that it does not show that the infant received property from the ancestor; the circuit court erred in entering any judgment upon it to sell the infant's land and that judgment must be reversed. The judgment under which the land was sold being erroneous and the plaintiff in the action having purchased the infant's land under an erroneous judgment, he cannot be permitted to retain an advantage which he gained by reason of the erroneous judgment which he procured, and the sale of the land must be set aside. (District of Clifton v. Pfirman, 110 S. W., 406 and cases cited.) On the return of the case to the circuit court, the plaintiff will have leave to amend his petition.

Judgment reversed and cause remanded for further proceedings consistent herewith.