# Tipton v. Rains.

(Decided March 22, 1929.)

R. L. ROPE and OSCAR W. BLACK for appellant.

H. C. GILLIS and W. B. EARLY for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, who was the plaintiff below, brought this action for slander against the appellant charging him with having uttered falsely and maliciously, in the presence of numerous persons, the following words: "Do you know the City Engineer's record? Look it up for yourself. He is a cheat and a fraud. He built the catch basins out of cheap brick with unskilled labor and charged from $75.00 to $80.00 for them, when in the cities they only charge $27.50. Almost every night I saw that engineer coming down the road with blue prints under his arm going to Alex Dunn's house so he and Bart Steely and Mr. Dunn could figure out how much money they could get off of the city. The method used in building the streets in Corbin is this: Alex Dunn does the contracting, Bart Steely does the lawing, Luke Moore loans the money and the engineer, Rains, gets the 'drag

off.' Never can any Bart Steely, Luke Moore or Mr. Rains bribe me. Engineer Rains is crooked. He came down in South Corbin and built a ditch and put 20 feet of soft tiling in it, and any one knows that after a while the dirt will mash down and it will be no good." And on another occasion with having spoken falsely and maliciously, concerning the plaintiff, these words: "Just look at the high price we have to pay for our streets, sidewalks and sewerage. Alex Dunn did the bidding and work, Luke Moore loaned the money, Bart Steely did the lawing and the Civil Engineer got the 'divvy.' " The plaintiff recovered a judgment for $500, and the defendant has appealed.

At the time the words are alleged to have been spoken, appellant was a candidate for mayor of the city of Corbin and the appellee was the city engineer. The appellant used the language complained of in the course of speeches made by him in the advocacy of his election to the office of mayor and was taken down in shorthand. He pleaded as a defense the truth of the words spoken and qualified privilege. The appellee was the only witness who testified. The appellant did not testify, nor did he introduce any witnesses in his behalf. The appellant insists that the occasions on which the statements were made were qualifiedly privileged, and the burden was therefore on the plaintiff to prove both the existence of malice and that the charges were false. The plaintiff introduced no evidence tending to show that the charges were false, and the only question to be determined is: Were the occasions referred to qualifiedly privileged?

A statement made in good faith on any subject-matter in which the person making the statement has an interest, or in reference to which he has a duty, is privileged, if made to a person or persons having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable. Thompson v. Bridges, 209 Ky. 710, 273 S. W. 529; Bonham v. Dotson, 216 Ky. 660, 288 S. W. 297; Ideal Motor Co. v. Warfield, 211 Ky. 576, 277 S. W. 862; Baskett v. Crossfield, 190 Ky. 751, 228 S. W. 673; Tanner v. Stevenson, 138 Ky. 578, 128 S. W. 878, 30 L. R. A. (N. S.) 200; Ranson v. West, 125 Ky. 457, 101 S. W. 886, 31 Ky. Law Rep. 82. Under the authorities, supra, the statements here complained of were qualifiedly privileged. A campaign for the election of city officers was in progress, and the conduct of the affairs of the city by the ex-

isting administration was an issue. The plaintiff was a member of that administration, and his public acts were subjects of fair comment and criticism by the members of the public. Democrat Publishing Co. v. Harvey, 181 Ky. 730, 205 S. W. 908. The statements were made upon a subject-matter in which the appellant and the persons in whose presence and hearing he was speaking had an interest and concerning which both had a public duty to perform, and if made in good faith, without actual malice, and with reasonable and probable grounds for believing them to be true, they were qualifiedly privileged. This being true, the burden was upon the plaintiff to prove the falsity of the statements. Thompson v. Bridges, supra; McClintock v. McClure, 171 Ky. 714, 188 S. W. 867, Ann. Cas. 1918E, 96; Commercial Tribune Publishing Co. v. Haines 228 Ky. 483, 15 S. W. (2d) 306, decided February 1, 1929. Where the charges are shown to be false, malice will be presumed. Thompson v. Bridges, supra. The plaintiff having failed to introduce any evidence tending to prove the falsity of the statements complained of, the lower court should have sustained defendant's motion for a directed verdict in his favor.

Judgment reversed, with directions to grant appellant a new trial.