# Weinstein v. Rhorer.

(Decided October 23, 1931.)

LOW & BRYANT and ADRIAN WEINSTEIN for appellant.

J. E. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Reversing.

The appellee, who was the plaintiff below, instituted this action against the appellant, the defendant below, to recover damage for slander, alleged to have been spoken by the appellant concerning the appellee.

The appellee was city prosecuting attorney of Middlesboro, Bell county, Ky., and was, at the time of the alleged acts, a candidate for re-election to that office.

The petition avers that defendant "falsely and maliciously spoke and published in the presence and within the hearing of R. D. Chumley and divers other persons, in Bell County, Kentucky, of and concerning this plaintiff and his candidacy for said office these words: 'You can't afford to vote for Arthur Rhorer, he is a grafter.' . . . At the same time and on the same occasion and to the same person or persons the defendant spoke and published concerning this plaintiff and his candidacy for said office these words: 'He is whore hopper.' . . . At the same time and occasion and to the same persons the defendant spoke and published concerning this plaintiff and his candidacy for said office these words: 'He is dishonest and a drunkard'."

It is alleged that the appellee is an attorney at law, a member of the Bell County Bar with offices in the city of Middlesboro, and that the derogatory statements were made with the intent to do damage, and did damage, the appellee in the practice of his profession, and that said statements tended to degrade and disgrace him in the estimation of the public, and prays for damage in the sum of $2,900.

The appellant, Herman Weinstein, was at the time a resident of Cincinnati, Ohio, and had lived there for the past eleven years. Prior to that time he had lived in the city of Middlesboro, and now owns considerable property in that city and spends some of his time there looking after his property.

The appellant entered a motion to require the appellee to paragraph the petition, which was overruled, and an answer was then filed which was a denial of the material allegations of the petition. The case was assigned for trial to the May term of the Bell circuit court, 1930, and at the beginning, or some time before final submission to the jury, the plaintiff tendered and filed an amended petition. The trial was then stopped and the case continued.

This amended petition "reiterates all allegations of his original petition so far as they are consistent with and pertinent to this amendment." The petition then states:

"The defendant in the presence of Thurman Rainey and divers other persons falsely and maliciously spoke of and concerning this plaintiff and his candidacy these words: 'You can't afford to vote for

Arthur Rhorer. He is a whore-hopper, a drunkard and a grafter'."

Plaintiff further states that, "In the presence of W. G. Yoakum, J. H. Williams and divers other persons the defendant falsely and maliciously spoke of and concerning this plaintiff and his candidacy the following words: 'Arthur Rhorer is a drunkard and grafter and works for such a small salary he had to graft'." The appellee objected to the filing of this amendment, which objections were overruled.

The appellant moved the court to require the appellee to paragraph his amended petition and the motion was overruled; exceptions were saved, and thereupon an answer was filed. This answer is in two paragraphs. The first paragraph denied the material allegations of the petition. The second paragraph undertook to plead the truthfulness of the charge of drunkenness and qualified privilege as to the various other allegations in the petition and amended petition. The appellee filed a demurrer to this second paragraph, which was sustained. A second amended answer was filed. The appellee's demurrer was extended to this second amended answer, which was sustained, and this second paragraph dismissed over the objections of the appellant. Trial was had and a verdict in favor of the appellee in the sum of $1,500, $750 of which was punitive damage. Judgment was entered, motion and grounds for a new trial were filed, and overruled with proper exceptions. Bill of exception was approved, and from the judgment this appeal is prosecuted.

Nine grounds of complaint are set out, some of these grounds being divided into subdivisions. It is not necessary to review all these grounds. The first ground relied upon is that recovery cannot be had on the original petition. It will be noted that the allegations of the original petition as to alleged slanderous matter, except the charge of graft, nowhere avers that these statements were made or spoken falsely or maliciously. It is argued that by reason of the failure of the petition to charge malice, it is wholly insufficient and avers no cause other than that of graft or being a grafter. In support of that ground, we are referred to the cases of Williams v. Gordon, 11 Bush 695; Turner v. Hamlin, 152 Ky. 469, 153 S. W. 778; Newman's Pleading and Practice (2d Ed.) 2326; 37 C. J. 33, sec. 353. Quoting Newman's Pleading and Practice, it is said: "In actions for libel or slander

the quo animo is the gist of the action and the malice of the defendant must be alleged in the petition. It must, therefore, in such cases be explicitly alleged that the words were spoken or published maliciously. It will not be sufficient in an action of slander to allege that the defendant spoke 'these slanderous words viz.,' without alleging malice." This rule is supported by a long unbroken line of decisions cited in the footnotes to the above text. It is to our minds clear that the only well-pleaded cause of action set out in the original petition was the statement made to R. D. Chumley and others that the appellant is a grafter. This charge is alleged to have been made falsely and maliciously, but as to the other charges there is a total failure of any allegation of malice. Hence, they were not well-pleaded causes of action, and for that reason the court erred in overruling appellant's motion to paragraph the petition. Newman's Pleading and Practice, sec. 550 G. There are some improperly pleaded causes of action in its present form attempted that would render it impossible to reach in any other manner than a demurrer to the specific separate paragraphs. Posey v. Green, 78 Ky. 162; Snowden v. Snowden, 96 S. W. 922, 29 Ky. Law Rep. 1113; I. C. R. R. v. Edelen, 154 Ky. 78, 156 S. W. 1029.

The second ground is that the amended petition is insufficient and should not have been filed; that the objection to its being filed tested its sufficiency. Hofgesang v. Silver, 232 Ky. 503, 23 S. W. (2d) 945, 68 A. L. R. 1481. This complaint is directed at the allegations of the amended petition, and it is contended that there is no allegation of fact tending to show that any of these statements were made in the hearing of any one. The amended petition did not perfect allegation of original, but set up new, causes of action. It is true that the amended petition nowhere alleges that the slanderous words were spoken in the hearing of any persons. It alleges that these statements were made in the presence of Thurman Rainey and in the presence of W. G. Yoakum and J. H. Williams. It is not alleged that they were made in the hearing of these people, or that either Rainey, Yoakum, or Williams heard the statement. It is also complained that this amended petition should be paragraphed and that the court erred in overruling the motion to paragraph. In 17 R. C. L. 316, sec. 56, it is stated: "But it is obvious that, as a rule, the words uttered must not only be started on their way by the speaker, but that some per-

son must have heard and understood them.'' On the other hand, it is argued this amendment taken with the original petition is sufficient on this point of publication, because the original shows these statements were made in the presence and hearing of these parties and the amendment reiterates and makes a part of the amendment all statements contained therein. That is perhaps a tenable position as to all matter pleaded in the original, but as to new allegations setting up new causes of action it would not be true, and the same certainty and technical perfection required in stating the original causes of action would be required as to the new causes in the amended petition.

The third ground relied upon for a reversal is that the court erred in sustaining the demurrer to the second paragraph of the amended answer. This paragraph sets up two defenses—admission of the utterance as to the charge of drunkenness and its truth, and that of qualified privilege.

It is stated in support of the court's action that the second paragraph of the answer does not admit the utterance of the charge in the petition. The allegation in the petition is that he stated that Arthur Rhorer was a drunkard. In the amended answer it is admitted that he said he was a drinking man and at times drank excessively, and in the second amended answer he said that he stated that he was a drinking man and that he did habitually drink intoxicating liquor to excess. The rule seems to be that there must be sufficient admission of the utterance of the words charged in the petition to give plaintiff credit to having an apparent right of action. It is not absolutely necessary that the defendant admit all the words charged before he is allowed to plead qualified privilege. 37 C. J. 47, sec. 385; Shipp v. Patten, 123 Ky. 65, 93 S. W. 1033, 29 Ky. Law Rep. 480; Harper v. Harper, 10 Bush 447; Rooney v. Tierney, 82 Ky. 253; Edwards v. Kevil, 133 Ky. 392, 118 S. W. 273, 28 L. R. A. (N. S.) 551, 123 Am. St. Rep. 463.

The second defense relied upon that the statements made by the appellant came within that scope of privileged communications for which no recovery can be had.

"A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a

certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. . . . A communication made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable. . . . In the absence of malice an utterance may be qualifiedly privileged, even though it is not true, and notwithstanding the fact that it contains a charge of crime. . . ." 17 R. C. L. 341, sec. 88.

It is the recognized rule in slander cases that a communication is privileged when it is made by a party who has an interest to another party having a corresponding interest and made in good faith without actual malice. Baker v. Clark, 186 Ky. 816, 218 S. W. 280; 25 Cyc. 385; Nix v. Caldwell, 81 Ky. 293, 50 Am. Rep. 163; Hart v. Reed, 1 B. Mon. 166, 35 Am. Dec. 179. The statements under consideration here were made by the appellant, who was the owner of considerable property in the city of Middlesboro. Although not a voter, it would not be denied with any degree of force that he was not interested in the civic welfare and good government of that city. The parties to whom the statements were made likewise were interested in the civic conditions of that city. It is likewise true that some of them did not live in the city, but good government in that city had perhaps as strong an appeal to them as to the residents. They received the same protection of the law and some of their kinsmen operated business houses in the city. They were interested in the election of a city prosecuting attorney equally with Mr. Weinstein. It is clear from the bill of evidence that Mr. Weinstein and a number of other parties to whom these communications were made were actively engaged in electioneering for one or the other of these candidates. Under such circumstance, a discussion of a candidate's conduct and moral fitness, if made in good faith, without actual malice and with good grounds for believing them to be true, would be privileged communications. Although the law presumes malice where publications

are slanderous per se, yet where the publication is made under circumstances disclosing qualified privileges, it is relieved of that presumption and the burden is on the plaintiff to prove actual malice. Thompson v. Bridges, 209 Ky. 710, 273 S. W. 529; Democrat Publishing Company v. Harvey, 181 Ky. 730, 205 S. W. 908; Tipton v. Rains, 228 Ky. 677, 15 S. W. (2d) 496; Caldwell v. Story, 107 Ky. 10, 52 S. W. 850, 21 Ky. Law Rep. 599, 45 L. R. A. 735.

In the case of Tanner v. Stevenson, 138 Ky. 578, 128 S. W. 878, 882, 30 L. R. A. (N. S.) 200, Judge Carroll delivering the opinion of the court, in speaking of actual malice in slander cases where qualified privilege was a defense, says:

"And so any good citizen, in good faith and upon reasonable grounds to believe that what he writes or speaks is true, if free from malice or ill will and actuated solely by his interest in the common schools may safely bring to the notice of those who hold any place as officials in the system any information that will enable them to perform with more efficiency their duties, and he will be protected as coming within the scope of qualified privilege, although the communication may be false as well as prima facie libelous. But if the person making the publication is prompted by actual malice or ill will towards the person concerning whom it is written or spoken, then the fact that it was believed to be true, or the fact that it was made in good faith, or the fact that it was made under circumstances that except for this malice would make it privileged, will not be allowed to save the person making the publication from the consequences of his act. When a person from malicious motives makes an attack upon the character of another, he puts himself beyond the protection that qualified privilege affords. Newell on Slander & Libel, p. 475; Cooley on Torts, p. 214; Townsend on Slander & Libel, sec. 208; Ranson v. West, 125 Ky. 457, 101 S. W. 885, 31 Ky. Law Rep. 82; Caldwell v. Story, 107 Ky. 10, 52 S. W. 850, 21 Ky. Law Rep. 599, 45 L. R. A. 735; Nix v. Caldwell, 81 Ky. 293, 50 Am. Rep. 163; Sharp v. Bowlar, 103 Ky. 282, 45 S. W. 90, 19 Ky. Law Rep. 2018; Stewart v. Hall, 83 Ky. 375; Edward's v. Kevil (133 Ky. 392) 118 S. W. 273 [28 L. R. A. (N. S.) 551, 134 Am. St. Rep. 463]; Finley v.

Steele, 159 Mo. 299, 60 S. W. 108, 52 L. R. A. 852.''
Further in the opinion it is stated:

"The plea of qualified privilege, as argued by counsel, does not present a question of law for the court. Of course, upon the pleadings, as well as upon the evidence, the court may rule in these, as well as other actions, that the plaintiff has failed to make out his case, or that the pleadings are not sufficient; but when the petition is sufficient, and there is any evidence of actual malice or malice in fact, the case should go to the jury. The only difference between cases where qualified privilege is relied on and cases where the defense is a general denial or justification is that where privilege is pleaded the burden of showing actual malice is put upon the plaintiff. In other cases, if the actionable matter is per se libelous, the law will presume malice and consequently it is not necessary to a recovery that the plaintiff should show actual malice in its publication."

In view of these authorities, we are convinced that the trial court erred in sustaining the demurrer to the amended answer. Upon return of the case the court will sustain the defendant's motion to require the plaintiff to paragraph both original and amended petition and will overrule demurrer to second paragraph of the amended answer and allow an issue to be made upon the allegations of the answer. This will probably change in a material way the whole complexion of the action. For that reason we deem it unnecessary to pass upon the other grounds assigned, upon which we withhold and express no opinion.

The judgment is therefore reversed.