## Rutherford v. Church.

(Decided April 26, 1932.)

J. C. CANTRELL for appellant.

WILLIS STATON for appellee.

502

Opinion of the Court by Judge Richardson—Reversing.

Floyd Church and E. H. Rutherford had known each other for two or three years, during which time they had resided in the same community, in Pike county, Ky. In 1928, Rutherford owned a bale of fencing wire which was laying on the ground in his barn. He claimed that it disappeared. Thereafter he went to the home of Tom Smith, a near neighbor, and then with Smith returned to his barn, where they looked for the wire and could not find it, when he stated to Smith:

"Floyd Church took it, stole it, he took my sweater and I know he is the very damn man stole my wire."

Church filed this action in the Pike circuit court to recover of Rutherford damage for his speaking of and concerning him the words set out above, charging they were untrue and defamatory. Rutherford traversed the petition, averred that his bale of wire was stolen, and further set out the circumstances and the information obtained by him concerning the taking of the wire which he alleged induced him to "think Church had possession of it, and that he engaged in the conversation with reference to the stealing of his wire by some unknown person and that he used the language complained of while so doing." The effect of his answer is an admission by him of the use of the language of which Church complains.

On a trial by jury, a verdict favorable to Church for $500 was returned by it, on which a judgment was rendered, from which Rutherford appeals.

For reversal, he contends that the petition states no cause of action because of its failure to charge that the language was maliciously spoken; that the court admitted incompetent evidence, and that the language used by him was made in good faith to an officer.

No demurrer was filed to the petition. Conceding, without deciding, that the petition is defective because it does not charge the words were spoken with malice, and, therefore, subject to a demurrer, the filing of his answer to it was a waiver of such ground. Warner's Exrs. v. Bledsoe's Admx., 4 Dana 73; Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207.

The court permitted Church to prove that Rutherford obtained a search warrant and caused his premises to be searched by an officer and that Rutherford made statements to the officer while so engaged, substantially charging Church with the crime of larceny committed by the stealing of the bale of wire. The evidence concerning the obtainment of the search warrant and its execution by an officer and the results thereof was incompetent. Rutherford entered a motion to exclude it. The court overruled the motion to which he saved an exception. The court properly permitted the officer to testify to the repetition of the slander by Rutherford in his presence, but he should not have permitted any reference to the issuance of the search warrant or its execution. It is obvious that, if the jury was convinced of the falsity of Rutherford's accusation against Church, it is not an unfair presumption that on the same evidence it was likewise convinced that the procurement of the search warrant was upon a false statement of Rutherford, and that the searching of the premises of Church by virtue thereof was without probable cause, for which an independent action for damage would lie.

A cause of action therefor may not be joined with an action for slander. Dragoo v. Levi, 2 Duv. 520; Tandy v. Riley, 80 S. W. 776, 26 Ky. Law Rep. 98; Thompson v. Adelberg & Breman, Inc., 192 Ky. 843, 234 S. W. 745; Graziani v. Ernst et al., 169 Ky. 751, 185 S. W. 99; Newman on Pleading & Practice, sec. 374. Civil Code of Practice, sec. 83, subsec. 5. For the same reasons the law will not permit such causes of action to be joined, it does not permit the evidence establishing the one to be heard in an action for the other. The witnesses Reed and Cullen Smith were permitted to state to the jury that they had heard Rutherford, on different occasions, and at a time and place other than that fixed by Tom Smith, repeat substantially the charge against Church, to which Tom Smith testified.

The evidence of the repetition of the slander by Rutherford to these witnesses was competent, not for the purpose of authorizing a recovery, but to establish malice and also to aggregate the damage. Johnson v. Featherstone, 141 Ky. 793, 133 S. W. 753; Smith v. Lovelace, 1 Duv. 215; Letton v. Young, 2 Metc. 558; Campbell v. Bannister, 79 Ky. 205; Pinkston v. Christerson, 8 Ky. Law

Rep. 789; Arnold v. Garth, 10 Ky. Law Rep. 320; Alcorn v. Powell, 60 S. W. 520, 22 Ky. Law Rep. 1353.

On the admission of evidence of the repetition of the slander by Rutherford to Reed and Cullen Smith, the jury should have been admonished of the purpose for which it was admitted. Arnold v. Garth, supra. While this evidence was properly admitted, the court should have admonished the jury, either orally or in writing of its purpose; Rutherford did not request the court so to admonish the jury. Therefore he cannot complain in this court on account of the admission of such evidence, nor of the failure of the court to admonish the jury of its purpose.

The insistence that the communication to Reed, Tom Smith, and Cullen Smith, or either of them, was made in good faith to an officer, or an interested party, and while engaged in an effort to identify and locate the party who had taken and carried away the bale of wire, is untenable. The statement to Reed was made after the search warrant had been issued and while he was engaged in the act of executing it. The statements to Cullen Smith and Tom Smith were not made to them or either of them while Rutherford was investigating the commission of the alleged crime. A statement, confidentially and in good faith made by one whose property has been stolen, of, or concerning, one whom he suspects of being the offender, in an effort to get advice and assistance of certain officers or another interested in the discovery of the perpetrator of the crime, is privileged. Edwards v. Kevil, 133 Ky. 392, 118 S. W. 273, 28 L. R. A. (N. S.) 551, 134 Am. St. Rep. 463; Baker v. Clark, 186 Ky. 816, 218 S. W. 280; Tipton v. Rains, 228 Ky. 677, 15 S. W. (2d) 496.

The privilege afforded by this principle, however, does not render privileged a statement or a repetition of slander to a disinterested party with whom the person indulging in the use of the defamatory language may choose to discuss the topic, though in uttering same he joins secrecy and gives the slander in confidence. McGowan v. Manifee, 7 T. B. Mon. 314, 18 Am. Dec. 178.

No other errors are complained of in brief of counsel.

Judgment reversed.